# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:21-CR-00121-05** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **DARWIN WIGGINS (05)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Presently before the Court is the Motion to Vacate Under 28 U.S.C. 2255 [ECF No. 586] filed by Darwin Wiggins. The United States opposes the Motion. A hearing on the Motion was held, at which time witnesses and exhibits were presented and the matter was taken under advisement.

## I.
### BACKGROUND

Darwin Wiggins entered a plea of guilty to a single count Bill of Information on May 16, 2023 and was subsequently sentenced to a term of imprisonment of 140 months, a downward variance from his guideline range of 188 to 235 months. Almost six months following entry of the Judgment, Mr. Wiggins filed an untimely pro se appeal but voluntarily dismissed the appeal, recognizing that it was untimely. On December 9, 2024, more than one year after entry of the Judgment and days before the Judgment became final, Mr. Wiggins filed the present Motion pro se. The Court subsequently directed the appointment of counsel for Mr. Wiggins to assist him with this motion. Mr. Wiggins raises several issues. First, Mr. Wiggins argues that his first CJA panel attorney, Cody Vidrine was ineffective by failing to file a motion to suppress. Mr. Wiggins asserts that he repeatedly insisted that Vidrine file the motion. He further argues that Mr. Vidrine failed to inform him that the Court was not required to accept the parties' stipulation that he was a minimal

participant. Second, Mr. Wiggins argues that the Government violated the plea agreement by failing to argue that the minimal participant stipulation should be upheld. Finally, Mr. Wiggins argues that his second CJA panel attorney, Dwazendra Smith was ineffective by failing to file a notice of appeal.

The Government responded to the motion and provided affidavits from both Mr. Vidrine and Ms. Smith. Mr. Vidrine asserts that he considered whether to file a motion to suppress but did not file it because it would have been frivolous. He further attests that Mr. Wiggins had already agreed to the plea agreement when the discussion of a minimal participant stipulation arose; accordingly, that stipulation would not have impacted his agreement to plea. Ms. Smith attests that after the sentencing hearing, she discussed the pros and cons of appeal to Mr. Wiggins and that he advised her that he did not want to appeal. She subsequently received correspondence from Mr. Wiggins but she did not open it as she had already filed a motion to withdraw as counsel. The motion to withdraw as counsel was filed on the same day as the sentencing, November 30, 2023 but, per the Court's procedures not to permit counsel to withdraw during the appeal period, it was not granted until December 18, 2023. At the hearing on the matter, Ms. Smith testified and clarified that she initially believed she had not opened or responded to Mr. Wiggins' correspondence, but that a further review of her file reflects that she *did* respond to Wiggins and answered his question. Ms. Smith testified that she received no further communication from Mr. Wiggins with regard to an appeal.

## II.
### LAW APPLICABLE TO 28 U.S.C. § 2255

In a motion to vacate, set aside or correct sentence, a defendant may present four cognizable grounds, which include the following: (1) constitutional issues, (2) challenges to the district court's

2

jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.[1] "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[2]

If claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal and actual prejudice resulting from the alleged errors.[3]

### A. Ineffective assistance of counsel.

Challenges to the effective assistance of counsel can be considered under 28 U.S.C. § 2255 without the defendant overcoming the procedural bar described above.[4] To establish that counsel was constitutionally ineffective, a defendant must prove that counsel's representation "fell below an objective standard of reasonableness" and that any such deficiency was "prejudicial to the defense."[5]

The first component of the test authorizes only "highly deferential" judicial scrutiny and requires the defendant to overcome the presumption that, under the circumstances, the challenged

---

[1] 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).
[2] *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).
[3] *Placente*, 81 F.3d at 558 ("[A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such error."); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) ("When raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his procedural default and actual prejudice resulting from the error.").
[4] *Massaro v. United States*, 538 U.S. 500, 509 (2003) (holding that claims of ineffective assistance of counsel may be raised for the first time in a proceeding under 28 U.S.C. § 2255); *United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising claims of ineffective assistance of counsel").
[5] *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). *See also, United States v. Scott*, 11 F.4th 364, 368-369 (5th Cir. 2021) (reiterating two-prong Strickland test); *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test).

action might be considered sound trial strategy.[6] To meet the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different."[7] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[8]

Because the defendant accepted a guilty plea, all non-jurisdictional defects in the proceedings are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea.[9]

In *Hill v. Lockhart*,[10] the Supreme Court applied the *Strickland* test to cases involving guilty pleas. In the context of a guilty plea, to show prejudice a defendant is required to demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[11] "[I]t is not enough, under *Strickland*, 'that the errors had some conceivable effect on the outcome of the proceeding.'"[12] "[T]o obtain relief on this type of claim [of erroneous advice to plead guilty], a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."[13] "The test is objective; it turns on what a reasonable person in the defendant's shoes would do."[14]

The focus should be on "the defendant's decisionmaking."[15] However, "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have

---

[6] *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing Strickland, 466 U.S. at 689); *Scott*, 11 F.4th at 369.
[7] *Strickland*, 466 U.S. at 695.
[8] *Id*. at 694.
[9] *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).
[10] 474 U.S. 52 (1985).
[11] *Hill v. Lockhart*, 474 U.S. at 59.
[12] *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting Strickland, 466 U.S. at 693).
[13] *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).
[14] *United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988).
[15] *Lee v. United States*, 582 U.S. 357, 367 (2017).

pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."[16] Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice.[17]

### III.
### ANALYSIS

**1. Government's Violation of Plea Agreement.**

Mr. Wiggins asserts that the Government violated the plea agreement by failing to argue that the minimal participant stipulation should be upheld. This argument is without merit. The Government made the stipulation regarding the minimal participant reduction and did not attempt to retract it in any way. The Court is not required to accept the parties' stipulation and, after considering the record, the Court concluded that Mr. Wiggins did not qualify as a minimal participant. Even if the Government had argued that the reduction should have been applied, the Court's ruling would remain the same. The evidence simply does not support the application of that reduction. The Government agreed to join in a finding regarding Mr. Wiggins' role in the offense and the Government fulfilled that agreement. Accordingly, the Court finds that there was no violation of the plea agreement by the Government. The fact that the Court did not accept the parties' stipulation does not amount to a violation of the plea agreement on the part of the Government.

---

[16] *Id.* at 369.
[17] *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994); *United States v. Williams*, 116 F. App'x 539, 540 (5th Cir. 2004) ("[T]he conviction must be upheld if the plea was voluntary, even if counsel provided ineffective assistance.").

### 2. Ineffective Assistance of Counsel as to Mr. Vidrine.

Mr. Wiggins argues that Mr. Vidrine was ineffective in two ways. First, Mr. Wiggins argues that Mr. Vidrine should have filed a motion to suppress the evidence against him. Second, Mr. Wiggins argues that Mr. Vidrine failed to advise him that the Court was not required to accept the parties' stipulation regarding a reduction as a minimal participant.

As to the argument that Mr. Vidrine should have filed a motion to suppress the evidence against Mr. Wiggins, Mr. Vidrine testified that he reviewed the evidence with Mr. Wiggins and concluded that there were no non-frivolous grounds for filing a motion to suppress. The filing of pretrial motions is considered a strategic decision, which is viewed with "deference commensurate with the reasonableness of the professional judgment on which [it] is based."[18] An attorney cannot be ineffective for failing to raise a meritless claim.[19] Defendant has presented no basis to establish that a motion to suppress would have been successful. Further, at the plea hearing, this issue was addressed. Specifically, the Court asked Mr. Wiggins "are you satisfied with counsel, representation, and advice given to you by Mr. Vidrine?"[20] Mr. Wiggins responded, "yes, sir. I had a few questions about the way it happened, but we on the same page" and elaborated that he had been concerned about "[t]he initial seizure of the package that I'm here for."[21] The Court further inquired, "okay, but nothing so far as --- you're proceeding with this of your own free will and you are agreeing to plead guilty is that correct?"[22] Mr. Wiggins responded in the affirmative.[23] Thus, at

---

[18] *Strickland*, 466 U.S. at 681.
[19] *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("[C]ounsel is not required to make futile motions or objections.").
[20] ECF No. 565, Transcript of Change of Plea Hearing held on May 16, 2023, 6:16-22.
[21] *Id*.
[22] *Id*.
[23] *Id*., at 7:1.

the time of the guilty plea, Mr. Wiggins did not challenge Mr. Vidrine's decision not to pursue a motion to suppress and agreed to proceed with the plea.

Next, Mr. Wiggins' argument that Mr. Vidrine was ineffective by informing him that the Court was not bound by the parties' stipulation is without merit as Mr. Wiggins was cautioned repeatedly at the plea hearing that the Court alone would decide his sentence and that the sentence imposed by the Court might be different from any estimate provided to him by counsel. Accordingly, even if Mr. Vidrine did not warn Wiggins of this possibility, the Court did. Further, Mr. Vidrine testified that the discussion regarding the stipulation regarding the minimal participant role reduction did not occur until the change of plea hearing. Mr. Wiggins had already accepted the plea agreement prior to that time and accordingly that stipulation did not impact Mr. Wiggins' decision to enter into the plea agreement. Moreover, at the first sentencing hearing held on November 2, 2023, Mr. Wiggins stated that at the time of the plea hearing, he believed his offense level would be 27 and stated "so I was comfortable in that range with pleading guilty."[24] If Mr. Wiggins' offense level had been 27, with his criminal history score of VI, his guideline range would have been 130 to 162 months imprisonment. While the Court did not agree that Mr. Wiggins' role in the offense permitted the minimal participant role reduction, the Court did vary downward and imposed a sentence in the middle of what would have been the guideline range if that reduction had been imposed.

### 3. Ineffective Assistance of Counsel as to Ms. Smith.

Finally, Mr. Wiggins argues that his second appointed counsel, Dwazendra Smith was ineffective by failing to file a notice of appeal. Ms. Smith testified that at the conclusion of the sentencing hearing, she discussed the advantages and disadvantages of filing an appeal and

---

[24] ECF No. 579, Transcript of November 2, 2023 hearing, 12:13-18.

counseled against it as Mr. Wiggins had received a sentence below his guideline range. Ms. Smith testified that Mr. Wiggins was very happy with his sentence that he received and indicated that he did not wish to appeal. Ms. Smith filed a motion to withdraw that day also attesting that Mr. Wiggins had indicated that he did not wish to appeal. Subsequently, on December 4, 2023, Mr. Wiggins sent email correspondence to Ms. Smith asking to discuss the pros and cons of an appeal because he believed he had been promised a certain sentence by his previous attorney.[25] Ms. Smith responded on December 5, 2023 and stated that "an attorney, nor anyone else, can promise you a certain amount of time in federal court, as that is solely left up to the judge. Therefore, whatever promises you were made cannot be upheld and the judge has sentenced you."[26] Ms. Smith testified that she received no further communications from Mr. Wiggins and was never requested to file a notice of appeal on his behalf. The Court also notes that in his December 4, 2023 email correspondence, Mr. Wiggins thanks Ms. Smith for her representation at the sentencing hearing and stated "outstanding job,"[27] further reflecting that as of that date, Mr. Wiggins remained satisfied with his sentence.

In *Roe v. Flores-Ortega*, the United States Supreme Court addressed ineffective assistance of counsel in terms of the filing of a notice of appeal.[28] The Court held first that the ineffective assistance of counsel test in *Strickland v. Washington* applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. The Court stated that an attorney's failure to file a notice of appeal was not considered ineffective assistance of counsel per se,[29] and that a defendant who does not explicitly instruct his attorney to file a notice of appeal cannot later

---

[25] Government Exhibit 29.
[26] *Id*.
[27] *Id*.
[28] 528 U.S. 470 (2000).
[29] *Id*. at 478.

claim that his attorney was deficient.[30] The Court finds that the record demonstrates that Ms. Smith fulfilled her duties and discussed the pros and cons of filing an appeal with Mr. Wiggins. The record further demonstrates that Mr. Wiggins never explicitly requested that Ms. Smith file a notice of appeal on his behalf.

## IV.
### CONCLUSION

In sum, the Court finds no constitutional grounds which warrant vacating or altering the judgment imposed as to Mr. Wiggins. The Court notes that at the sentencing hearing on this matter, the Court indicated that it would impose this sentence even if the Court had in some way erred in calculating the applicable guideline range.[31] Following review of all evidence introduced in connection with the motion, the Court remains convinced that the 140-month term of imprisonment is the appropriate judgment in this case. For the foregoing reasons, the Court finds that Mr. Wiggins has failed to demonstrate grounds to vacate his judgment pursuant to 28 U.S.C. § 2255. Accordingly, the Motion is DENIED.

THUS DONE in Chambers on this 22nd day of October, 2025.

                                             ROBERT R. SUMMERHAYS
                                             UNITED STATES DISTRICT JUDGE

---

[30] *Id.* at 477.
[31] ECF No. 567, 9:23-25.